## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

**Century Surety Company,**

Plaintiff,

v.                                                    Civ. No. 11-1107 BB/ACT

**Jose Roybal d/b/a Red's Steakhouse and The
Estate of Robert Anthony Duran, Deceased**,

Defendants.

### MEMORANDUM OPINION

Century Surety Company ("Century") filed a complaint for declaratory judgment

requesting that this Court rescind and/or otherwise declare void Century's insurance policy with

Jose Roybal doing business as Red's Steakhouse.  *See* Doc. 3 ("Amended Complaint").  The

Estate of Robert Anthony Duran (the "Estate") filed a Motion to Dismiss or Alternatively to Stay

Proceedings.  Doc. 17.  Roybal joined in the motion.  Doc. 24.  Roybal also notified the Court

that he has since filed a cross-claim for declaratory judgment against Century in the related state

court action, *Smith v. Roybal*, Civ. No. D-117-CV-2012-00114 (First Judicial District, Rio Arriba

County, State of New Mexico).  Doc. 41.  Roybal's cross-claim raises precisely the same issues

as those raised by Century in the instant action, namely, whether Roybal's insurance policy with

Century should be rescinded or declared void.  *Id.*  For the foregoing reason, the Court will

exercise its discretion and stay this proceeding pending resolution of the state court action.

### I. Background

In the early morning hours of August 23, 2009, Robert Anthony Duran was struck and

killed in front of his house by a vehicle driven by Justin Martinez.  At the time of the incident,

Martinez was impaired, speeding, and driving recklessly.  Although only 18 years old, he had

managed to purchase two fifths of vodka from Red's Liquor Store and Steakhouse ("Red's"). Martinez was not carded at Red's and later bragged that he frequently bought alcohol at Red's despite being underage. While speeding through the streets of Espanola, Martinez apparently bragged to his two terrified passengers: "Don't worry – I'm the best drunk driver you'll ever know. We're not gonna wreck." Tragically, he then struck and killed Duran.

The Estate retained counsel to pursue a wrongful death action against Red's. Roybal, the owner of Red's, maintained an insurance policy that provided coverage for claims arising from sales of alcohol to minors. The policy was issued by an agent with Century.

Century obtained counsel for Roybal pursuant to the insurance policy. Over the next few months, the parties remained in contact as they prepared for mediation. Due to delays in scheduling mediation, the Estate sent Roybal a letter informing him that the Estate would file a lawsuit if the parties did not submit the case to mediation within a week. The letter prompted Roybal to set mediation for November 16, 2011.

Roybal, however, canceled the mediation on November 15, 2011 at 4:30 PM in the afternoon. He explained to the Estate that Century needed to research an issue before proceeding any further. Apparently, it was unclear whether the two passengers in the car with Martinez were also covered by the insurance policy. To Roybal's suprise, on December 16, 2011, Century filed the instant declaratory judgment action seeking rescission of the insurance policy. Doc. 1. According to the Amended Complaint, Roybal made a number of misstatements in the application for the insurance policy. Doc. 3 at ¶ 17. Specifically, Roybal failed to mention that Red's had been assessed fines for multiple violations of law concerning the sale of alcohol. *Id.* Century joined the Estate as a defendant to the declaratory judgment action.

Three months later, the Estate filed a wrongful death action in the First Judicial District of Rio Arriba County. The state court complaint alleges dram shop liability under NMSA 1978, § 60-7B-1(A)(1), negligent supervision, vicarious liability, and social host liability. *See* Doc. 19, Ex. A. The Estate also sought a declaration from the state court that (1) the insurance policy covered Duran's death, and (2) there is no basis for rescission of the insurance policy. *Id.* at ¶69.

Roybal has since filed a cross-claim in the state court proceeding. *See* Doc. 32, Ex. 1; *see also* Doc. 41. He too requests a declaratory judgment regarding the insurance contract. Among other things, Roybal asks the state court to declare that (1) neither Roybal nor any of its agents made a material misrepresentation on any application for liquor liability insurance submitted to Century and (2) the insurance policy issued to Roybal should not be rescinded and remains in full force and effect. Doc. 32, Ex. 1, p. 3.

## II. Analysis

Century brought this federal suit pursuant to the Declaratory Judgment Act. *See* 28 U.S.C. §2201(a). The Supreme Court has made it clear that federal courts are "under no compulsion" to exercise jurisdiction under that Act. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 492, 494 (1942); *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). As the Supreme Court explained in *Brillhart*, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. In such situations, interference with the state court litigation "should be avoided." *Id.*

The Tenth Circuit has provided district courts with a number of factors to consider in weighing whether to proceed with a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).  These factors are known as the "*Mhoon* factors" and no one factor is determinative.  *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002).

The first two *Mhoon* factors focus on the degree of identity between the parties and issues in the state and federal suits.  *Id.*  The parties in both this proceeding and the proceeding before the state court are identical.  That is, both cases involve the Estate, Roybal, and Century, albeit in different party-alignments.  Moreover, the issue raised by Century in this proceeding – whether the insurance policy should be rescinded or declared void – is identical to the issue raised by the Estate and Roybal in the state court action.  *Compare* Doc. 3, ¶25 (Century's Amended Complaint for Declaratory Judgment) *with* Doc. 32, Ex. A, p. 3 (Roybal's Cross-Claim for Declaratory Judgment) and Doc. 19, Ex. A, ¶ 69 (The Estate's Claim for Declaratory Judgment).  Because the state court will decide the rescission issue, "it is not necessary for the federal court to issue a declaration on the insurance contract."  *Runyon*, 53 F.3d at 1169.

Century, however, argues that it will move to dismiss the Estate's claim for declaratory judgment.  Specifically, Century argues that the Estate is not a party to the insurance policy and thus lacks standing to bring a declaratory judgment action.  If this motion is successful, Century asserts, there will no longer be a parallel declaratory-judgment proceeding in state court.  In Century's eyes, then, it would constitute an abuse of discretion for this Court to dismiss the

4

instant proceeding.  *See, e.g.*, *ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir.

1991) (federal court abused its discretion by dismissing declaratory judgment action where there

was no state court proceeding); *see also City of Las Cruces*, 289 F.3d at 1183 (explaining that the

*Mhoon* factors encompass the question of whether there is a parallel state proceeding).

    This argument may be correct insofar as the Estate is not a party to the insurance policy

and has yet to obtain a judgment against Roybal.  *See Raskob v. Sanchez*, 970 P.2d 580, 581

(N.M. 1998) ("there is no privity between an injured party and the insurer of the negligent

defendant in the absence of a contractual provision or statute or ordinance to the contrary"); *see*

*also Rhodes v. Lucero*, 444 P.2d 588, 589 (N.M. 1968) (holding that a plaintiff cannot maintain a

declaratory judgment action against a tortfeasor's insurance carrier absent a judgment against the

tortfeasor).  But, Century omits an important, indeed crucial, point: Roybal has since filed his

own cross-claim for declaratory judgment.  *See* Doc. 41.  Unlike the Estate, Roybal is a party to

the insurance policy.  He thus has standing to seek a declaration from the state court regarding

the insurance policy.  Because Roybal filed his own cross-claim for declaratory judgment, the

recision issue is properly before the state court.  Contrary to Century's arguments, then, this is

not a case where there is no pending state proceeding.  *C.f. Aguirre*, 947 F.2d at 454; *Valdez v.*

*Metro. Prop. & Cas. Ins. Co.*, 2012 WL 1132374, at *40 (D.N.M. Mar. 19, 2012) (refusing to

abstain because there was no pending state court proceeding).  The first two *Mhoon* factors thus

tip in favor of the Estate and a stay of the instant proceeding.

    The third *Mhoon* factor asks whether the declaratory judgment action constitutes

"procedural fencing" or "a race to res judicata."  In assessing this factor, courts often look at the

timing of the federal declaratory judgment action in relation to the pending state court

proceeding.  For example, in *Ruynon*, the insurance carrier waited three years before knowingly

filing suit seeking declaratory relief on the day before the defendant promised to file an action in state court. *Ruynon*, 53 F.3d at 1170.  The Tenth Circuit upheld the district court's finding of procedural fencing because the insurance carrier in Runyon could not rebut the defendant's allegations of impropriety. *Id.*

Here, the Estate argues that Century engaged in procedural fencing just like the insurance carrier in *Ruynon*.  In particular, the Estate alleges that Century engaged in dilatory tactics in order to buy time and delay the Estate's decision to file a state court wrongful-death action. Then, after Roybal's counsel cancelled mediation at the last minute, Century filed this declaratory judgment action seeking rescission of the contract.  If not for Century's dilatory tactics, the Estate asserts that it would have filed its state court complaint long before the instant declaratory judgment action.

From this perspective, Century's conduct does look like an attempt to game the adjudicative process and preempt the Estate's decision to file suit in state court.  This is reinforced by Century's allegedly secretive decision to file its own declaratory judgment action. Yet, Century's conduct is not necessarily indicative of procedural fencing.  It may be that, on the day before mediation, Century learned about Roybal's alleged misstatements in the insurance policy application. Rather than notifying Roybal about these misstatements, Century canceled the mediation and filed this declaratory judgment action to rescind the insurance policy.  Unlike the insurance carrier in *Runyon*, then, Century may arguably have an adequate explanation for its decision to preemptively file this declaratory judgment action.  *See Mid-Continent Cas. Co. v. Greater Midwest Builders, Ltd.*, 2011 WL 5597329, *4 (D. Kan. Nov. 17, 2011) *aff'd sub nom., Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977 (10th Cir.

2012).  Therefore, the Court finds that the third *Mhoon* factor is neutral as to the exercise of jurisdiction over Century's declaratory judgment action.

More significant, however, is the fourth *Mhoon* factor which weighs heavily against invoking jurisdiction.  It goes without saying that state law governs the interpretation of insurance contracts in diversity cases like this one.  *See Houston Gen. Ins. Co. v. Am. Fen*ce Co., 115 F.3d 805, 806 (10th Cir. 1997).  As noted by the Sixth Circuit, a state court's determination of insurance coverage is typically preferable to the Federal Court's determination, particularly when there are no issues of federal law presented.  *See Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 273 (6th Cir. 2007) ("This is not a case where federal law will come into play, and, therefore, a state court forum is preferable").  Just like in *Travelers*, there are no federal issues involved in Century's claim for rescission of the insurance policy; therefore, the First Judicial District in Rio Arriba County is in a better position to apply and interpret New Mexico state law regarding rescission of insurance policies.  This fourth *Mhoon* factor thus strongly favors staying the instant proceeding pending the state court's resolution of Roybal's cross-claim.

With respect to the fifth and final *Mhoon* factor, the state court proceeding provides a more efficient and comprehensive remedy.  Due to Roybal's cross-claim, the state court action will resolve both the rescission issue as well as the Estate's wrongful-death claim.  Accordingly, as the Tenth Circuit acknowledged in *City of Las Cruces*, the state proceeding will produce a "more comprehensive and cohesive" remedy because it will more fully address the liability issues remaining in the state case. 289 F.3d at 1191; *see also Mid-Continent Cas. Co.*, 685 F.3d at 982. Put another way, this declaratory judgment action is but one single battle in a larger war – a war

7

that can be resolved in its entirety in state court.  *See Bd. of County Com'rs of County of Boulder v. Rocky Mountain Christian Church*, 481 F. Supp. 2d 1181, 1188 (D. Colo. 2007).

Nonetheless, Century advocates for piecemeal litigation by arguing that a comprehensive state court action will be too complex.  It claims that the state declaratory judgment action injects an entirely distinct rescission claim into what will be a heavily litigated wrongful death action. This entanglement of issues, Century predicts, will prolong and unnecessarily complicate the state court proceeding.  Century thus advocates two separate, albeit simpler, proceedings: a wrongful death action in state court and a rescission action in this Court.  This is, however, precisely the problem: "Going [Century's] route might require two jury trials—one in state court and one in federal court—rather than one."  *Schering Corp. v. Griffo*, 2012 WL 394603, at *26 (D.N.M. Jan. 17, 2012).  Because the state court can provide a more comprehensive remedy, it is a more efficient forum for resolving the parties' disputes.  This fifth and final *Mhoon* factor—whether there is an alternative remedy that is better or more effective— thus weighs in favor of declining jurisdiction.

In sum, the *Mhoon* factors favor declining jurisdiction over this declaratory judgment action.  The instant case will not settle the controversy between the parties; it is of no useful purpose since it is duplicative of Roybal's cross-claim for declaratory judgment; it does not encompass all claims within the state court controversy; and the state action provides a more efficient forum for the resolution of all issues in this case.  The Court will therefore stay the instant proceedings pending resolution of the state court case.  *See Fox v. Maulding*, 16 F.3d 1079, 1083 (10th Cir. 1994) ("the better practice is to stay the federal proceeding pending the outcome of the state proceeding").

**III. Conclusion**

For the foregoing reasons, the Court grants the Estate's motion to stay the instant

proceedings pending resolution of the state court proceeding.

Dated this 23rd day of August, 2012.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE